## UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF COLORADO

| | | |
|---|---|---|
| In re: | ) | Bankruptcy Case No. |
| JOHN CHRISTIAN GAZZO, | ) | 12-33683-SBB |
| | ) | |
| | ) | (Chapter 7) |
| Debtor. | ) | |
| _____ | ) | |
| JOHN CHRISTIAN GAZZO | ) | |
| Plaintiff, | ) | |
| | ) | Adversary Proceeding No. |
| v. | ) | 13-1356-SBB |
| | ) | |
| ELLEN BECKHAM RUFF, | ) | |
| f/k/a/ Ellen Beckham Gazzo, and | ) | |
| GLENN W. MERRICK, | ) | |
| Defendants. | ) | |

**APPEARANCES:**

**KATHERINE M. SWAN, and**
**DAVID WARNER**
1660 Lincoln St., Ste. 2200.
Denver, CO 80264
**COUNSEL FOR PLAINTIFF/DEBTOR**

**GLENN W. MERRICK**
6300 S. Syracuse Way
Ste. 220
Greenwood Village, CO 80111
**COUNSEL FOR DEFENDANTS**

---

**MEMORANDUM OPINION AND ORDER (1) TREATING DEFENDANTS' MOTION TO DISMISS COMPLAINT AS MOTION FOR SUMMARY JUDGMENT; (2) DENYING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND MOTION FOR SANCTIONS; AND (3) GRANTING THE PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

---

This case requires the Court to examine the lines drawn by the Bankruptcy Code between the broad reach of the automatic stay and the narrow exceptions from the stay for creditors to proceed with state court litigation under certain tailored and very specific circumstances, and,

1

specifically, in the context of ongoing litigation in family law matters.  Additionally, the case examines how the timing of the filing of a bankruptcy case can affect contemporaneous, and, often, contentious, litigation in state courts.  Unfortunately, the case also serves as a stark and cautionary example of how easily a creditor, through post-petition conduct, can overreach and cross the line into the prohibited and protected territory of the automatic stay.

The matter came before the Court on the following pleadings:

(1) Defendants' Motions to Dismiss and For Award of Monetary Sanctions filed July 25, 2013 (Docket#s 5 and 6) ("Motion to Dismiss"/"Motion for Sanctions");

(2) Plaintiff's Response in Opposition to Motion to Dismiss and Award of Monetary Sanctions and Cross Motion for Summary Judgment filed August 9, 2013 (Docket #s 7 and 8) ("Plaintiff's Response"/"Plaintiff's Motion for Summary Judgment");

(3) Defendants' Response in Opposition to Cross-Motion For Summary Judgment and Renewed Request for Award of Attorneys' Fees and Costs filed August 20, 2013 (Docket # 9) ("Defendants' Response to Cross Motion for Summary Judgment"); and

(4) Plaintiff's Reply to Response In Opposition to Cross Motion for Summary Judgment filed September 18, 2013 (Docket # 14) ("Plaintiff's Reply").

The Court, having reviewed the pleadings and the within case file, and being otherwise advised in the matter, makes the following findings of fact, conclusions of law and enters the following Order.

**I. Background**

Prior to the filing of the underlying bankruptcy, the Debtor and Plaintiff herein, John Christian Gazzo, and his former spouse and Defendant herein, Ellen Beckham Ruff, were involved in contentious state court litigation following Mr. Gazzo and Ms. Ruff's divorce on

September 26, 2011.[1]  On or around May 29, 2012, Ms. Ruff initiated in the District Court of the City and County of Denver (hereinafter "the domestic court") a contempt of court proceeding against the Debtor-Plaintiff for his alleged violations of the divorce decree.[2]  Mr. Ruff's counsel and Co-Defendant herein, Glenn Merrick, represented Ms. Ruff in the domestic court proceedings.[3]  On November 19, 2012, the eve of the contempt of court hearing in the domestic court, Debtor-Plaintiff filed the underlying Chapter 11 Bankruptcy Case.

On July 1, 2013, Debtor commenced the within adversary proceeding against Ms. Ruff and Mr. Merrick by filing a Complaint under 11 U.S.C. §362(k) (the "Complaint").  Plaintiff-Debtor seeks damages and injunctive relief against both Defendants, alleging that Defendants violated the automatic stay under 11 U.S.C. §362(a)(3) by continuing on with domestic court actions against the Debtor on November 20, 2012 and by obtaining an award against the Debtor on December 5, 2012 in spite of his bankruptcy filing.[4]

On July 25, 2013, the Defendants filed a Motion to Dismiss the within adversary proceeding contending that the Debtor has failed to state a claim upon which relief may be granted under 11 U.S.C. § 362.[5]  Specifically, Defendants argue that the nature of the domestic

---

[1] *See* Complaint Pursuant to 11 U.S.C. § 362(k) For Violation of the Automatic Stay, Decree of Dissolution of Marriage dated September 26, 2011 (Exhibit 1), No. 13-1356 (July 1, 2012), ECF No. 1 (hereinafter "the Complaint").

[2] *See id.*, Mother's Verified Motion for Issuance of Citation or Contempt and Other Related Relief (Exhibit 3).

[3] The Court may hereinafter refer to the individuals herein as follows:  Mr. Gazzo as the "Debtor" or the "Plaintiff"; Ms. Ruff as "Defendant Ruff"; Ms. Ruff and Mr. Merrick together as "Defendants"; and Plaintiff and Defendants together as the "Parties."

[4] *See generally* Complaint, *supra* note 1.

[5] *See generally* Defendants' Motions to Dismiss and For Award of Monetary Sanctions, No. 13-1356 (July 25, 2013), ECF Nos. 5 and 6 (hereinafter "Motion to Dismiss").

court proceeding and the order issued thereafter fell within exceptions from the automatic stay pursuant to 11 U.S.C. §§ 362(b)(1) and 362(b)(2)(A)(ii), respectively.[6]  Additionally, Defendants seek sanctions against the Plaintiff and his Counsel, jointly and severally.[7]

The Defendants attached the following two exhibits to the Motion to Dismiss: (1) an affidavit signed by Mr. Merrick regarding the nature of the domestic court hearing on November 20, 2012;[8] and (2) an order entered by the domestic court on December 5, 2012 awarding to Ms. Ruff costs associated with the November 20, 2012 hearing.[9]

On August 9, 2013, the Debtor filed his Response to the Defendants' Motion to Dismiss.[10]  As an initial matter, the Debtor asserts that the Motion to Dismiss should be treated as a Motion for Summary Judgment because it requires the Court to consider pleadings outside the four corners of his Complaint, i.e., the two attachments provided by Defendants in support of the Motion to Dismiss.[11]

In conjunction with the Response, Debtor also filed with this Court a Cross Motion for Summary Judgment asserting that there are no genuine issues of material fact in dispute and that Defendants violated the automatic stay by continuing on with the domestic court actions against

---

[6] *See Id.*

[7] Motion to Dismiss, *supra* note 5 at 5.

[8] *Id.*, Exhibit A.

[9] *Id.*, Exhibit B.

[10] Plaintiff's Response in Opposition to Motion to Dismiss and Award of Monetary Sections and Cross Motion for Summary Judgment, No. 13-1356 (August 9, 2013), ECF No. 7 and 8 (hereinafter "Plaintiff's Response").

[11] *Id.* at 3-4.

the Debtor and by obtaining an order and assessment of costs against the Debtor post-bankruptcy, and therefore an entry of judgment against both Defendants in this adversary proceeding is appropriate.[12]

For reasons stated herein, the Court will (1) treat the Defendants' Motion to Dismiss as a Motion for Summary Judgment; (2) Deny the Defendants' Motion for Summary Judgment and Motion for Sanctions; and  (3) Grant the Plaintiff's Cross Motion for Summary Judgment.

## II.   Treatment of Defendants' Motion to Dismiss for Failure to State a Claim Upon which Relief can be Granted as a Motion for Summary Judgment

Federal Rule of Civil Procedure 12(d), made applicable to these proceedings by Federal Rules of Bankruptcy Procedure 7012, allows a court to treat a motion to dismiss for failure to state a claim upon which relief can be granted as a motion for summary judgment.[13] Specifically, FED. R. CIV. P. 12(d) provides as follows:

> If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion.[14]

In support of the Motion to Dismiss, the Defendants attached for this Court's consideration an affidavit of attorney Glenn Merrick and an order of the domestic court.[15]  Mr. Merrick's affidavit is further accompanied with *few excerpts* of the Transcript of the hearing

---

[12] *Id.* at 10-21.

[13] FED. R. CIV P 12(d) (2013).

[14] *Id.*

[15] *Supra* note 8.

conducted by the domestic court on November 20, 2012.[16]  In order to consider the Defendants'

exhibits, the Court must determine whether, in this case, Defendants' Motion to Dismiss should

be treated as a Motion for Summary Judgment under FED. R. CIV. P. 56.[17]

The court has broad discretion in deciding whether to treat a motion to dismiss as a

motion for summary judgment when supplementary materials are filed by the parties.[18]

However, this Court is aware that it may only treat a motion to dismiss for failure to state a claim

upon which relief can be granted as a motion for summary judgment *after* providing both parties

a reasonable opportunity to submit affidavits and other documents to avoid taking any one party

by surprise.[19]

Here, the Plaintiff has already treated and responded to the Defendants' Motion to

Dismiss filed under FED. R. CIV. P. 12(b)(6) as a Motion for Summary Judgment under FED. R.

CIV. P. 56.[20]  In fact, Plaintiff has attached to his Response to the Motion to Dismiss the

following three additional exhibits: (1) a *complete* and Certified Transcript of the November 20,

2012 hearing (hereinafter the "Transcript"); (2) a copy of the Plaintiff's Motion to Hold

Proceeding in Abeyance and to Vacate Hearing filed in the domestic state court on November

---

[16] *Supra* note 7, Exhibit A-1 (attached to the Exhibit are pages nos. 3, 11, 12-15, 27-29 and 34-38 of the transcript of the November 20, 2012 hearing).

[17] FED.R.CIV.P. 56(d) is made applicable to adversary proceedings by FED.R.BANKR.P. 7056.

[18] *See In re Jet 1 Center, Inc.*, 319 B.R. 11, 16 (Bankr. M.D. Fla. 2004) (citing *Cardona Del Toro v. U.S.*, 791 F. Supp. 43 (D. Puerto Rico 1992)); *see also Whiting v. Maiolini*, 921 F.2d 5, 6 (1st Cir. 1990)(citing *Moxley v. Vernot*, 555 F. Supp. 554 (S.D. Ohio 1982) and Wright and Miller, *Federal Practice and Procedure: Civil*, § 1371 at 543 (1969 & Supp. 1989)).

[19] *Supra* note 17 ("All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion[]"); *see also In re Edmonds,* 924 F.2d 176, 180 (10th Cir. 1991) (internal citations omitted).

[20] Plaintiff's Response, *supra* note 10 at 3-4.

19, 2012;  and (3) a copy of the Mother's Motion to Strike/Deny For Want of Jurisdiction Respondent's Verified Motion to Modify Child Support Pursuant to § 14-10-122, C.R.S. filed by Mr. Merrick on behalf of Ms. Ruff in the domestic court on November 20, 2012.  Furthermore, in response to the Defendants' Motion to Dismiss, as noted, Plaintiff has filed with the Court a *Cross Motion for Summary Judgment*, which Motion the Court will address in the latter part of this Order.

For these reasons and within the context of the present matter, this Court is satisfied that no concerns exist in this case regarding the adequacy of opportunity provided to the Parties to produce materials relevant to this Court's consideration of Defendants' Motion to Dismiss using the standards for summary judgment.  Accordingly, the Court shall consider exhibits filed by both Parties in reviewing the Motion to Dismiss as a Motion for Summary Judgment.


## III.  Standard for Summary Judgment

Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, admissions, or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.[21]  The moving party bears the initial burden of making a prima facie demonstration of the absence of a genuine issue of material fact and entitlement to judgment as a matter of law.[22]  In applying this standard, this Court examines the factual record and reasonable inferences therefrom in light most favorable to the non-moving party.[23]

---

[21] *Supra* note 17.

[22] *Whitesel v. Sengenberger*, 222 F.3d 861, 867 (10th Cir. 2000).

[23] *Schwartz v. Bhd. of Maint. of Way Employees*, 264 F.3d 1181, 1183 (10th Cir. 2001).

Moreover, in denying a Motion for Summary Judgment, facts that are not genuinely in dispute are to be treated as facts established in the case.[24]

## IV.  Discussion

*The Automatic Stay*

As an initial matter, the Court notes that 11 U.S.C. § 362(a)(3) precludes "any act to obtain possession or property of the estate or of property from the estate or to exercise control over property of the estate[.]"[25]

Additionally, 11 U.S.C. § 362(a)(1) precludes-

> the commencement or continuation, including the issuance or
> employment of process, of a judicial, administrative, or other
> action or proceeding against the debtor that was or could have been
> commenced before the commencement of the case under this title,
> or to recover a claim against the debtor that arose before the
> commencement of the case under this title[].[26]

The automatic stay under 11 U.S.C. § 362(a) should be broadly construed in favor of the Debtor and exceptions thereto should be applied narrowly.[27]

---

[24] FED.R.CIV.P. 56(g) (2013).

[25] 11 U.S.C. §362(a)(3) (2013).

[26]  11 U.S.C. §362(a)(1) (2013).  Although in his Complaint the Plaintiff does not make specific reference to 11 U.S.C. §362(a)(1) as grounds for requested relief, he does so implicitly by contending that the continuation of the proceedings on November 20, 2012 violated the automatic stay.

[27] *See*, *e.g.*, *In re Stringer*, 847 F.2d 549, 552 (9th Cir. Cal. 1988); *see also In re Sullivan*, 357 B.R. 847, 853 (Bankr. D. Colo. 2006)("The scope of the automatic stay is extremely broad.") (internal citations omitted).

"The moving party bears the burden of proof in an action for violation of the automatic stay and must prove the violation by a *preponderance of the evidence*."[28] However, "the determination of whether the automatic stay applies to any given activity or property is to be made in the first instance by the bankruptcy court, not by a creditor or its attorney."[29] Indeed, "any action taken in violation of the [automatic] stay is void and without effect[.]"[30]

In this case, the Parties present different characterizations of the nature, content and conduct of the domestic court proceeding on November 20, 2012 and the resulting Order issued by the domestic court on December 5, 2012. However, a review of the pleadings and attached exhibits thereto indicate that to a large extent, the issues between the Parties in this case are primarily and essentially only legal; they are not factual. Indeed, the full and complete transcription of the November 20, 2012 hearing coupled with the December 5, 2012 domestic court Order derived from that hearing provide a clear and complete statement of the facts pertinent to this dispute. They paint an unvarnished picture of the domestic court proceedings and actions, unblemished by bias or editorial comment, and are largely dispositive of the matter.

---

[28] *In re Sullivan*, 357 B.R. 847, 854 (Bankr. D. Colo. 2006).

[29] *In re Gagliardi*, 290 B.R. 808, 814 (Bankr. D. Colo. 2003)(citing *In re Diviney*, 225 B.R. 762, 768 (10th Cir. BAP 1998)).

[30] *In re Calder,* 907 F.2d 953, 956 (10th Cir. 1990)(citing *Ellis v. Consolidated Diesel Elec. Corp.*, 894 F.2d 371, 372 (10th Cir. 1990)).

*Undisputed Facts based on the Pleadings and Attachments filed by the Parties* [31]

On May 29, 2012, Ms. Ruff, by and through her counsel, Mr. Merrick, initiated proceedings in the domestic court against the Plaintiff seeking a court order requiring the Plaintiff to show cause why he should not be held in contempt for failing to satisfy his domestic support obligations.[32]   The central goal of the Motion for Contempt was to enforce terms of the Parties' Separation Agreement, including Plaintiff's maintenance and child support obligations, which terms were adopted and incorporated by the domestic court in its final divorce decree issued on September 26, 2011.[33]   Additionally, Ms. Ruff sought relief from the domestic court in the nature of an appointment of a receiver to control and liquidate Plaintiff's business interests and properties to satisfy Plaintiff's obligations pursuant to the divorce decree.[34]

A final hearing on the merits of the Motion for Contempt was scheduled to be heard by the domestic court on November 20, 2012 at 8:30 a.m.[35]   On November 19, 2012, Plaintiff filed the underlying Chapter 11 Bankruptcy Case.  Simultaneously, on November 19, 2012, Plaintiff filed in the domestic court a Motion to Hold Proceeding in Abeyance and to Vacate Hearing scheduled for November 20, 2012 (hereinafter "Motion to Vacate").[36]   Mr. Merrick was contacted by the domestic court on November 19, 2012 regarding the Plaintiff's Motion to

---

[31] The following facts are not genuinely in dispute based on the Complaint, Answer, Motion to Dismiss, Response thereto, Cross Motion for Summary Judgment, and Response and Reply thereto and shall be treated as facts established in the case unless otherwise noted.

[32] Motion to Dismiss, ¶B; *see also* Plaintiff's Response, ¶B.

[33] *See Id.*

[34] *Supra* note 2 at 5-6.

[35] *See* Motion to Dismiss, *supra* note 5, ¶C and Plaintiff's Response, *supra* note 10, ¶C.

[36] *See* Plaintiff's Response, *supra* note 10, Exhibit 8 ("Motion to Hold Proceeding in Abeyance and to Vacate Hearing filed 2:08 PM MST on November 19, 2012").

Vacate.[37]  Notwithstanding the Plaintiff's bankruptcy, Mr. Merrick opposed the Plaintiff's

Motion and the domestic court proceeded with the hearing on November 20, 2012.[38]

A review of the Transcript of the November 20, 2012 hearing, a complete record of

which was made available for this Court's review by the Plaintiff,[39] indicates that the domestic

court considered the following three matters at the hearing: (1) Plaintiff's Motion to Vacate and

Hold the proceeding in abeyance;  (2) Ms. Ruff's allegations of contempt of court by Plaintiff for

failing to abide by certain terms of the divorce decree; and  (3) appointment of a liquidating

receiver for certain business interests of the Plaintiff.[40]

Furthermore, the Transcript indicates that at the hearing, Mr. Merrick proceeded in the

following manner:  First, Mr. Merrick opposed the Plaintiff's Motion to Vacate the hearing for

"legal and equitable reasons."[41]  As legal reasoning, Mr. Merrick asserted that an exception from

the automatic stay applied because Ms. Ruff was only seeking a finding of criminal contempt of

court.[42]  When asked by the domestic court whether Mr. Merrick had any authority to support

---

[37] *Id.* at 7, ¶ N; *see also* Defendants' Response in Opposition to Cross-Motion For Summary Judgment and Renewed Request for Award of Attorneys' Fees and Costs, No. 13-1356 (August 20, 2013), ECF No. 9 at 3, ¶N (hereinafter "Defendants' Response"); *see also* Plaintiff's Response, *supra* note 10, Exhibit 7 (Transcript of the November 20, 2012 hearing (hereinafter "Transcript") at 4, lns. 5-7, wherein, the domestic court confirms that the court's staff conferred with Mr. Merrick regarding the Plaintiff's bankruptcy filing on November 19, 2012).

[38] *Supra* note 37, Transcript at 4, lns. 8-13.

[39] Plaintiff's Response*, supra* note 10, Exhibit 7.  Central to this Court's findings, conclusions and order here is a careful and detailed reading of the complete transcript of the domestic court's November 20, 2012 hearing.  The Movants or Defendants here, Ms. Ruff and Mr. Merrick, submitted only certain, select pages of the November 20, 2012 transcript; 15 pages out of a total of 43 pages.  The Debtor-Plaintiff submitted the entire transcript.

[40] Transcript, *supra* note 37 at 3, lns. 20-25.

[41] *Id.* at 4, ln. 13.

[42] *See* Motion to Dismiss, *supra* note 5.

that a prosecution of a criminal contempt of court would, under the facts of this case, be excepted from the automatic stay under bankruptcy law, Mr. Merrick replied that he did not.[43]

Second, Mr. Merrick argued that the domestic court should appoint a receiver in the case for when the property "falls out of the property of the [bankruptcy] estate . . . by virtue of abandonment, relief from stay, dismissal of the case, or any other reason,"[44] so that "if [property] ceases to be property of the estate it would come into the hands of the receiver."[45]  Once again, when asked by the domestic court whether Mr. Merrick had ever seen a remedy fashioned in terms of an appointment of a receiver during an individual's bankruptcy case, as was being requested by Mr. Merrick in this case, Mr. Merrick's answer was that he had not.[46]

Counsel for Plaintiff did, however, provide to the domestic court a citation for the Colorado Supreme Court case, *In re Weiss*,[47] and argued that the *Weiss* decision precluded the domestic court from hearing or entering orders on Ms. Ruff's Motion for Contempt.  The Transcript for the November 20, 2012 hearing reveals that both the domestic court judge and Mr. Merrick had an opportunity to review the *Weiss* case prior to continuing on with the November 20, 2012 hearing.[48]  The Transcript further reveals that even after reviewing the *Weiss* case, Mr. Merrick pressed on to conducts the hearing and proceeded to argue that *Weiss* was

---

[43] Transcript, *supra* note 37 at 8, lns. 6-10.

[44] *Id.* at 7, lns. 1-5 and 19-23.

[45] *Id.*

[46] *Id.* at 24, lns. 13-15 and 22-23.

[47] 232 P.3d 789 (Colo. 2010).

[48] Transcript, *supra* note 37 at 12-13, (the domestic court took a break for parties to review the case and gave Mr. Merrick a copy of the case for review).

distinguishable from the case at hand.[49]    Ultimately however, the domestic court disagreed with Mr. Merrick and held that while *Weiss* was "partially distinguishable" from the case at hand, it was applicable and dispositive as to the issue of continuing on with a finding on the criminal contempt of court.[50]

With respect to the issue of the appointment of a receiver, the domestic court similarly expressed concern and reservation in adopting the approach that was being argued by Mr. Merrick.  Specifically, the domestic court stated that it was concerned that the appointment of a receiver would somehow "usurp[] the authority of the bankruptcy court."[51]

Third, even after the domestic court declined to grant the Defendants' request to assess and impose criminal sanctions against the Plaintiff and to appoint a receiver to the Plaintiff's assets, Mr. Merrick, again, pressed on with the hearing and requested that the domestic court enter an injunction against the Plaintiff, enjoining him from disposing of any property that was not property of the bankruptcy estate.[52]

This time around, the domestic court judge granted Mr. Merrick's request.  However, the Court issued the following caveat regarding its decision to impose an injunction against a debtor in bankruptcy: "If that's wrong, it's wrong.  I'll embrace that.  If it turns out I shouldn't have I'm sure someone will let me know."[53]  Finally, at the November 20, 2012 hearing, Mr. Merrick requested the domestic court to qualify an award of costs to Ms. Ruff, which the domestic court

---

[49] *Id.* at 14-18.

[50] *Id.* at 28-30, lns. 12-15; and 29, lns. 1-2.

[51] *Id.,* lns. 13-14.

[52] *Id.* at 30, lns. 18-22.

[53] *Id.* at 38, lns. 10-16.

was considering of awarding using its equitable discretion under COLO. REV. STAT § 40-10-119, as a domestic support obligation under 11 U.S.C. §362(b)(2)(a)(ii) in order to exempt the order from the automatic stay under bankruptcy law.

On or around November 23, 2012, Mr. Merrick prepared and submitted to the domestic court a proposed order granting Ms. Ruff an award for costs incurred by her and other witnesses who appeared on behalf of Ms. Ruff at the November 20, 2012 hearing.[54]  The domestic court entered the order on December 5, 2012 (the "December 5, 2012 order"/"Order").

The Order grants to Ms. Ruff an award in the amount of $1,800 and qualifies the award as an exception to the automatic stay under 11 U.S.C. §362(b)(2)(B).[55]  Additionally, the Order imposes an injunction against the Plaintiff, enjoining and barring him from "selling, transferring, conveying, exchanging, disposing of, encumbering, hypothecating, alienating or concealing all or portion of Respondent-Debtor's assets or property that is not property of the bankruptcy estate within the meaning of 11 U.S.C. § 541."[56]

### a. Findings and Conclusions *Denying* Defendants' Motion for Summary Judgment and Motion for Sanctions

Defendants argue that they are entitled to summary judgment as a matter of law because the exhibits filed with the Defendants' Motion to Dismiss demonstrate that (1) the purpose of the November 20, 2012 hearing was to seek a criminal contempt citation against the Plaintiff, which action is excepted from the automatic stay under 11 U.S.C. § 362(b)(1);  and (2) the domestic

---

[54] Plaintiff's Response, *supra* note 10 at 9, ¶X.

[55] Motion to Dismiss, *supra* note 5, Exhibit 2 at 2.

[56] *Id.*

court's Order entered on December 5, 2012 was a "modification" of Plaintiff's domestic court obligations, which is excepted from the automatic stay under 11 U.S.C. § 362(b)(2)(A)(ii).

11 U.S.C. § 362(b)(1) provides that the automatic stay under 11 U.S.C. § 362(a) *does not* apply to "the commencement or continuation of a criminal action or proceeding against the debtor[.]" Additionally, 11 U.S.C. § 362(b)(2)(A)(ii) provides that the automatic stay under 11 U.S.C. § 362(a) *does not* apply to "the commencement or continuation of a civil proceeding [] . . . for the establishment or modification of an order for domestic support obligations[.]"

Two issues before the Court then are whether there are any material facts in dispute that (1) the November 20, 2012 hearing was a commencement or continuation of a *criminal* action or proceeding, and (2) the Order issued by the domestic court on December 5, 2012 was a modification of an order for domestic support obligation, such that the Defendants are entitled to judgment as a matter of law.

As articulated above, the burden is on the Defendants to demonstrate that no genuine issue of material fact exists. In examining the Defendants' Motion to Dismiss as a Motion for Summary Judgment, the Court shall draw inferences in light most favorable to the Plaintiff.

## *The hearing was not a criminal proceeding under 11 U.S.C. § 362(b)(1)*

On the first issue, i.e., whether the November 20, 2012 hearing was exempted from the automatic stay under 11 U.S.C. § 362(b)(1), the domestic court found that the *Weiss* case was controlling and dispositive.

In *Weiss*, the Supreme Court of Colorado reviewed and vacated a trial court's finding that a debtor in bankruptcy was in contempt of court for failing to pay credit card debts that she was

required to pay pursuant to a divorce decree.[57]  The trial court held that the contempt proceedings were excepted from the automatic stay because they were criminal proceedings under 11 U.S.C. § 362(b)(1), and thus ordered the debtor to pay her domestic support obligations from property that was not property of the bankruptcy estate.[58]

The Supreme Court of Colorado found however that "[a] key aspect to determining if a contempt proceeding is civil is whether the debtor may 'mitigate or avoid punishment by taking action consistent with' the court's order."[59]  The Court further found that "[i]f the order simply 'incarcerates a party for a definite period of time or imposes another penalty, without any provision for purge of the contempt, [and] does not serve to redress a private right,' it is a criminal contempt order."[60]

In *Weiss¸* the Supreme Court of Colorado concluded that an order for contempt for failure to pay a domestic court obligation was remedial or civil in nature when a proceeding is "designed to force payment to a third party, rather than to uphold the dignity of the court[,]" and when the contemnor could purge the contempt citation by performance in accordance with a court order.[61]  Furthermore, the *Weiss* Court concluded that "[a] civil, or remedial, contempt proceeding -- such as one involving a sanction that can be purged -- is subject to the [automatic]

---

[57] *See* Weiss, *supra* note 47.

[58] *See id.*

[59] *See id.* at 796 (citing *In re Maloney*, 204 B.R. 671, 674 (Bankr. E.D.N.Y. 1996)) (other citations omitted).

[60] *Id.* at 796-97.

[61] *Id.*

stay [under bankruptcy]."[62]  Importantly, the Court held that "a creditor cannot turn enforcement actions into a criminal matter merely by requesting punitive sanctions . . . [,]"[63] further rationalizing that "[i]f that were the case, any creditor could avoid the automatic stay's limitations merely by adding a request for punitive sanctions to a request for remedial sanctions."[64]

Moreover, in *Weiss*, the Supreme Court of Colorado also held that absent a specific finding by a trial court that non-estate funds are available to pay a domestic support obligation, an exception to the automatic stay under 11 U.S.C. § 362(b)(2)(B) does not apply.[65]

The Transcript of the November 20, 2012 hearing reflects that while Mr. Merrick fervently attempted to distinguish the instant case from the Colorado Supreme Court's ruling in *Weiss*, he did so without success.  Notwithstanding Mr. Merrick's arguments, the domestic court held that the case was "subject to the same conclusion" as *Weiss*.[66]

This Court finds that based on the *Weiss* decision and the domestic court's findings, the hearing conducted on November 20, 2012 was not in the nature of a criminal proceeding and therefore, not subject to an exception from the automatic stay under 11 U.S.C.§ 362(b)(1).  The goal and central issue raised in the contempt proceeding and the reason for the contempt hearing was to enforce the terms of the Separation Agreement and otherwise compel the Plaintiff to perform under the Separation Agreement, pay his domestic support obligations, and benefit a

---

[62] *Id.* at 797.

[63] *Id.*

[64] *Id.*

[65] *Id.* at 796.

[66] Transcript, *supra* note 37 at 29, lns. 1-2.

Creditor, Ms. Ruff, in terms of financial recovery on claims against the Plaintiff. The contempt hearing in state court was coercive in nature-to collect on a debt-and not punitive or criminal in nature- as argued by Mr. Merrick.

And, it is not unimportant to this Court that at the November 20, 2012 hearing, Mr. Merrick also sought the appointment of a receiver to the Plaintiff's estate and later proceeded on to obtain an order and injunction against the Plaintiff. Moreover, and it warrants repeating here, when specifically asked by the domestic court whether Mr. Merrick had any authority to support his position that the prosecution of a criminal contempt of court would, under the facts of this case, be excepted from the automatic stay under bankruptcy law, Mr. Merrick had replied that he did not.[67]

In light of these facts, this Court concludes that exception to the automatic stay under 11 U.S.C. § 362(b)(1) does not apply here.

*The Order did not fall under 11 U.S.C. § 362(b)(2)(A)(ii)*

Additionally, Defendants argue that the Order obtained from the domestic court on December 5, 2012 was not in violation of the automatic stay because it was a proceeding "for the establishment or modification of an order for domestic support obligations[,]" and, thus, fell within the exception under 11 U.S.C. § 362(b)(2)(A)(ii). However, a review of the December 5, 2012 order shows that the domestic court classified an award of costs in the amount of $1,800 to Ms. Ruff *under 11 U.S.C. § 362(b)(2)(B) and not under 11 U.S.C. § 362(b)(2)(A)(ii).*[68]

11 U.S.C. § 362(b)(2)(B) provides an exception from the automatic stay for proceedings "of the collection of a domestic support obligation from property that is not property of the

---

[67] *See* Transcript, *supra* note 43.

[68] *See* Motion to Dismiss, Exhibit 2, *supra* note 55.

estate."[69]  Whereas, 11 U.S.C. § 362(b)(2)(A)(ii) provides that the automatic stay does not apply

to "the commencement or continuation of a civil proceeding against the debtor[] for the

establishment or modification of an order for domestic support obligation[.]"[70]

Defendants assert that the citation to 11 U.S.C. § 362(b)(2)(B) in the December 5, 2012

order is a typographical error.[71]  Further, Defendants assert that the Transcript of the November

20, 2012 hearing makes it clear that the domestic court "*expressly determined* that [said] costs

were in the nature of 'establishment/modification of the court's order for domestic support

obligation with the meaning of [11 U.S.C. § 362(b)(2)(A)(ii)]."[72]

Plaintiff disputes the accuracy of Defendants' assertions and contends that the domestic

court did not definitively conclude that the award of costs to Ms. Ruff were in the nature of

"establishment or modification of the court's order for domestic support obligations."[73]  Based

on a review of the Transcript of the November 20, 2012 hearing, this Court agrees with the

Plaintiff.

A review of the Transcript indicates that it was Mr. Merrick who requested that the

domestic court qualify the award contemplated by the court for costs to Ms. Ruff pursuant to

COLO. REV. STAT. § 14-10-119 under 11 U.S.C. § 362(b)(2)(A)(ii) of the bankruptcy code to

except the Order from the bar of the automatic stay.[74]  Once again, the domestic court expressed

---

[69] 11 U.S.C. §362(b)(2)(B) (2013).

[70] 11 U.S.C. §362b)(2)(A)(ii) (2013).

[71] Motion to Dismiss, *supra* note 5 at 3, ¶H, ft nt 1.

[72] *Id.*

[73] Plaintiff's Response, *supra* note 10 at 6, ¶H.

[74] Transcript, *supra* note 37 at 37, lns. 1-5 and 23-25.

reservation and concern that the action may fall within the ambit of the conduct proscribed by the *Weiss* decision. This time however, the domestic did not specifically deny Mr. Merrick's request. Nevertheless, the domestic court certainly did not expressly determine that Mr. Merrick's request to qualify the award under 11 U.S.C. § 362(b)(2)(A)(ii) was granted.

The only definitive statement made by the domestic court with respect to its order on the award of costs to the Ms. Ruff was that the court was making its determination under COLO. REV. STAT. § 14-10-119.[75] Eventually, the domestic court simply directed Mr. Merrick to prepare and provide to the court a proposed order for the court to sign.[76] The domestic court went on to state that it would embrace any error on its part in entering the Order.[77]

This Court is of the opinion that because Defendants, or more accurately, Counsel for Ms. Ruff in the domestic court and Co-Defendant herein, Mr. Merrick, was the drafter of the Order that the domestic court judge eventually signed on December 5, 2012, any ambiguities or alleged mistakes contained in the Order should be construed against the Defendants.[78] Insofar as this Court is advised, Defendants have never sought an amendment or correction of the December 5, 2012 order from the domestic court.

---

[75] *See*, *e.g.*, *id*. at 31-32, lns. 25, 1.

[76] *Id.* at 31, lns. 19-20.

[77] *See Id.* at 38, lns. 10-16.

[78] Courts have taken a similar approach in contract law using the doctrine of *contra proferentem*, which provides that "[i]f the Court cannot divine the parties' mutual intent from extrinsic evidence, it may, if it chooses, apply the doctrine of *contra proferentem*, resolving any ambiguities against the drafter of the ambiguous language." *Commun. Techs. Inc. v. Spiral Aviation Training Co., LLC*, 2007 U.S. Dist. LEXIS 11607 (D. Colo. Feb. 20, 2007)(citing *Moland v. Indus. Claim Appeals Office*, 111 P.3d 507, 510-511 (Colo. Ct. App. 2004)); *see also Brimer v. Life Ins. Co. of N. Am.*, 462 Fed. Appx. 804, 812-14 (10th Cir. 2012)(dissent applying the doctrine of *contra proferentem* to argue that a medical policy insurer should not benefit from its own poor and ambiguous drafting of the policy)(internal citations omitted).

The December 5, 2012 domestic court order is a final, non-appealable order that assessed and imposed an award in favor of Ms. Ruff and against the Plaintiff for $1,800 under 11 U.S.C. § 362(b)(2)(B).  Absent an express finding by the domestic court that the December 5, 2012 Order was an award by the court under 11 U.S.C. § 362(b)(2)(A)(ii), this Court will not arbitrarily and summarily reclassify the domestic court's order as an award under 11 U.S.C. § 362(b)(2)(A)(ii), as suggested by the Defendants.  As such, an exception from the automatic stay under 11 U.S.C. § 362(b)(2)(A)(ii) does not apply.

Additionally, the Court finds that the December 5, 2012 order of the domestic court was not excepted from the automatic stay under 11 U.S.C. §362(b)(2)(B).  As stated above, pursuant to the Colorado Supreme Court's holding in the *Weiss* case, for an exception to the automatic stay to apply under 11 U.S.C. § 362(b)(2)(B), the trial court must make a specific finding that there exist non-estate funds or assets in a given case from which the debtor is to pay the award for domestic support obligation being imposed by the trial court.[79]

The Transcript of the November 20, 2012 hearing indicates that no such finding was made by the domestic court in this case.  To the contrary, the domestic court specifically stated that it could not hold that Plaintiff must pay the award "regardless of the automatic stay in bankruptcy."[80]  No further analysis was conducted regarding Plaintiff's property and the extent of the bankruptcy estate.

Therefore, the Court finds that an exception from the automatic stay under 11 U.S.C. § 362(b)(1) did not apply to the hearing conducted on November 20, 2012.  Additionally, the resulting order issued by the state court judge on December 5, 2012 was not excepted from the

---

[79] Weiss, *supra* note 47; *see also* Galigardi, *supra* note 29 at 796.

[80] Transcript, *supra* note 37 at 36, lns. 3-5.

automatic stay under 11 U.S.C. §§ 362(b)(2)(A)(ii) or 362(b)(2)(B).  Thus, the Court will deny

the Defendants' Motion to Dismiss, which Motion, along with the attached exhibits thereto, was

considered by this Court using the standard for summary judgment as provided herein.


    **b.   Findings and Conclusions *Granting* the Plaintiff's Cross Motion for Summary Judgment**

    The Court will now examine and evaluate whether there are any material facts in dispute

that Defendants' actions were in violation of the bankruptcy automatic stay and determine if

summary judgment in favor of the Plaintiff-Debtor is appropriate.  Plaintiff alleges that

Defendants violated the automatic stay by (1) continuing with the hearing on November 20,

2012;  (2) seeking the appointment of a receiver to take control of and liquidate Plaintiff-

Debtor's business interests and properties after the bankruptcy was filed;  and  (2)  continuing to

seek an award of damages against the Plaintiff.  Plaintiff seeks actual and punitive damages

under 11 U.S.C. § 362(k)(1).

    In defense to the Plaintiff's Cross Motion for Summary Judgment, Defendants argue that

their actions at the November 20, 2012 hearing and in relation to the December 5, 2012 Order

were excepted from the automatic stay under provisions of 11 U.S.C. § 362(b).  Additionally,

Defendants dispute certain factual allegations set forth in the Plaintiff's Cross Motion for

Summary Judgment.

    The initial burden is on the Plaintiff to demonstrate that no genuine issue of material fact

exists and Plaintiff is entitled to judgment as a matter of law.  In examining the Plaintiff's claims,

the Court shall draw inferences in light most favorable to the Defendants.

If the Plaintiff establishes sufficient factual evidence in support of summary judgment, the burden will then shift to the Defendants to offer more than a mere scintilla of evidence to show that a reasonable jury could find in favor of the Defendants.[81]  "[C]onclusory statements based merely on conjecture, speculation, or subjective belief are not competent summary judgment evidence."[82]  Rather, Defendants must present evidence that is more than 'mere reargument of [their] case or a denial of [Plaintiff's] allegation[s]' or it will be disregarded."[83]

As articulated above, upon the commencement of bankruptcy, the continuation of a judicial action or proceeding to recover on a pre-petition claim against the debtor is automatically stayed, by operation of law, pursuant to 11 U.S.C. § 362(a)(1).[84]  Here, it is undisputed by the parties that Mr. Merrick was made aware of Plaintiff's bankruptcy filing on November 19, 2012.[85]  Notwithstanding the Plaintiff's bankruptcy filing however, Defendants remained persistent and unyielding in their efforts against the Plaintiff.[86]

The factual record shows that even after being sufficiently advised of the Plaintiff's bankruptcy filing, Defendants, through Mr. Merrick, pressed on with the hearing on November 20, 2012.  As noted in this Court's findings above, the central goal of Ms. Ruff's Motion for Contempt was to enforce the terms of the Separation Agreement and otherwise compel the

---

[81] *See Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 251 (U.S. 1986)(quoting *Improvement Co. v. Munson*, 81 U.S. 442 (U.S. 1872)); *see also Rice v. United States*, 166 F.3d 1088, 1091-92 (10th Cir. 1999)(citing *Hom v. Squire*, 81 F.3d 969 (10th Cir. Utah 1996)).

[82] *Nagim v. Equifax Info. Servs., LLC*, 2011 U.S. Dist. LEXIS 49424 (D. Colo. Feb. 8, 2011)(citing *Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004)).

[83] *Id.* (internal citations omitted).

[84] *Supra* note 25.

[85] *See* Transcript, *supra* note 37.

[86] This Court believes that Mr. Merrick's knowledge of the Plaintiff's bankruptcy may be imputable to Ms. Ruff, who was being represented by Mr. Merrick in the domestic court proceeding.

Plaintiff to perform under the Separation Agreement and to seek the appointment of a receiver with respect to some of Plaintiff's business interests.

Initially, Mr. Merrick sought to argue that the November 20, 2012 hearing should continue on as a criminal contempt of court proceeding.   The domestic court rejected this argument and found that the *Weiss* case was controlling and dispositive on the issue.

Second, Mr. Merrick sought to have a receiver appointed to the Debtor's assets for when the assets "fall out of bankruptcy."  Although Mr. Merrick attempted to clarify that such a receiver would only exercise control over Plaintiff's assets once the assets "fell out" of the bankruptcy estate, this Court is unaware and Defendants have failed to provide the Court with any legal authority that exempts such relief from the automatic stay of the bankruptcy code.

Third, after the domestic court disagreed with Mr. Merrick regarding the nature of the contempt proceedings and declined to appoint a receiver, Mr. Merrick attempted to have the domestic court qualify any award of fees and costs pursuant to COLO. REV. STAT. § 14-10-119 under 11 U.S.C. § 362(b)(2)(A)(ii) so as to except the award from the automatic stay under bankruptcy.  Additionally, Mr. Merrick sought from the domestic court an injunction against the Plaintiff-Debtor, enjoining him from disposing or otherwise selling, encumbering, gifting or concealing any assets after the bankruptcy was converted or dismissed.

Finally, on or around November 23, 2012, Mr. Merrick prepared and submitted to the domestic court a proposed order seeking an award of costs and an injunction against the Debtor. On December 5, 2012, the domestic court entered the prepared order against the Debtor.

Defendants engaged in all these actions without first seeking relief from the automatic stay from this Court.

24

The undisputed facts show that in complete disregard of the Plaintiff's bankruptcy filing, Defendants *unsuccessfully* sought to continue on with the November 20, 2012 hearing to prosecute a citation for a criminal contempt of court against the Plaintiff and sought the appointment of a receiver for the Plaintiff's assets.  Additionally, Defendants *successfully* obtained an award of fees and an injunction against the Plaintiff.  Therefore, the burden now shifts to the Defendants to make a showing that there exist disputes as to material facts in this matter whereby a reasonable jury could find in favor of the Defendants.

Defendants disagree with and deny certain allegations made by the Plaintiff regarding the nature of the proceedings on November 20, 2012 and Mr. Merrick's conduct at the hearing and assert that their actions fell within exemptions of the automatic stay.  However, this Court finds that Defendants' denials and disagreements are unsupported by the factual record before the Court.

As articulated above, the continuation of the November 20, 2012 hearing for purposes of pursuing criminal contempt sanctions against the Plaintiff did not fit within the ambit of 11 U.S.C. §362(b)(1).  Moreover, the Order issued by the domestic court on December 5, 2012 was not one excepted from the bar of the automatic stay under 11 U.S.C. § 362(b)(2)(B).

The record reflects that Defendants were aware of Plaintiff's bankruptcy filing on November 19, 2012, notwithstanding which, they pressed on with the hearing on November 20, 2012 and went on to obtain an award and an injunction against the Plaintiff-Debtor on December 5, 2012.  Under the facts of the case, as established by the various pleadings filed by the Parties —of which the Court finds the *complete Transcript* of the November 20, 2012 hearing provided by the Plaintiff  to be particularly important and relevant— this Court concludes that there are no issues of material facts in dispute here that Defendants violated the automatic stay by (1)

25

continuing on with the November 20, 2012 hearing; (2) seeking the appointment of a receiver against the Plaintiff-Debtor's property;  (3) seeking an injunction against the Plaintiff-Debtor; and  (4) submitting to the domestic court a proposed order on or around November 23, 2012.

Wherefore, for the aforementioned reasons, Plaintiff's Cross Motion for Summary Judgment against the Defendants' is granted.  For the same reasons, Defendants' Motion for Sanctions against the Plaintiff and his counsel for the commencement of the within adversary proceeding is hereby denied.

### c.  Award of damages to the Plaintiff under 11 U.S.C. § 362(k)

Plaintiff further contends that Defendants' actions related to the November 20, 2012 hearing and December 5, 2012 Order constitute *willful* violations of the automatic stay.  Accordingly, Plaintiff seeks a hearing to determine an award for actual and punitive damages pursuant to 11 U.S.C. § 362(k)(1).

Pursuant to 11 U.S.C. § 362(k)(1) "an individual injured by any willful violation of a stay provided by [section 362] shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages."[87]  A "willful" violation for the purpose of 11 U.S.C. § 362(k) is an action where the party knew of the automatic stay and intended to take actions that violated the stay.[88]

As elaborated by the Honorable Elizabeth E. Brown:

---

[87] 11 U.S.C. §362(k)(1) (2013).

[88] *See* Galigardi, *supra* note 29; *see also In re Johnson*, 501 F.3d 1163, 1172 (10th Cir. 2007)("in order to demonstrate a violation of § 362(k)(1), the debtor bears the burden of establishing, by a preponderance of the evidence, that the creditor knew of the automatic stay and intended the actions that constituted the violation; no specific intent is required[]") (internal citations omitted).

In order for a violation to be "willful," evidence of specific intent to violate the stay is not required. Violations are "willful" if the party knew of the automatic stay and intended to take the actions that violated the stay. A party's good faith belief that it has a right to the property is not relevant to a determination of whether the act was "willful" or whether compensation must be awarded. Even an innocent stay violation (one committed without knowledge of the stay) becomes willful, if the creditor fails to remedy the violation after receiving notice of the stay. In effect, the term "willful" refers to the deliberateness of the conduct, coupled with knowledge of the filing. It does not require an intent to violate a court order. Once a court finds a violation of the stay to be willful, Section [362(k)(1)][] makes the award of damages for injuries mandatory.[89]

Plaintiff must prove harm or actual damages with reasonable certainty.[90]  Furthermore, in order for punitive damages to be awarded under 11 U.S.C. § 362(k)(1), Plaintiff must present evidence that Defendants acted with reckless disregard.[91]  The Court may consider the following factors in determining whether to award punitive damages: (1) the nature of the creditor's conduct;  (2) the creditor's ability to pay damages;  (3) the level of sophistication of the creditor;  (4) the creditor's motives; and  (5) any provocation by the debtor.[92]  In this case, the level and experience of creditor's counsel, Mr. Merrick, is also a useful factor.

Additionally, the Court must consider the amount of actual damages awarded before ascertaining the amount of punitive damages, if any.[93]  "The amount of punitive damages should

---

[89] Galigardi, *supra* note 29 at 818-19.

[90] *Id.*

[91] *In re Sullivan*, 357 B.R. 847, 856 (Bankr. D. Colo. 2006)(citing Gagliardi, *supra* note 29 at 820).

[92] Galigardi, *supra* note 29 at 820.

[93] *Id.* at 822.

be sufficient to deter the creditor, and similarly situated parties in the future, from unilaterally determining the scope and effect of the automatic stay."[94]

Here, this Court finds that the Defendants had knowledge of the automatic stay that was in effect during the November 20, 2012 hearing and at all times thereafter.  Furthermore, this Court finds that the Defendants intended their conduct in relation to the November 20, 2012 hearing December 5 Order.  Therefore, the Court concludes that the Defendants conduct constituted willful violations of the automatic stay under 11 U.S.C. § 362(k)(1) and the Plaintiff is entitled to actual damages as a matter of law.

Moreover, punitive damages may also be appropriate in the instant case.  Important to this Court's consideration is the fact that the record in this case reflects that during the November 20, 2012 hearing, the domestic court repeatedly expressed reluctance and reservations with respect to the proceeding, and to some degree, deferred upon the experience and expertise of counsel present at the November 20, 2012 in the area of bankruptcy law, and, particularly, the experience and expertise of Mr. Merrick.

Indeed, this Court itself has observed Mr. Merrick display an impressive knowledge, level of skill and expertise in the area of bankruptcy law on numerous previous occasions.  Despite Mr. Merrick's extensive familiarity with bankruptcy law however, he failed to exercise basic prudence and caution in proceeding in this case after being advised of the Plaintiff's bankruptcy filing.

Specifically, notwithstanding notice of the Plaintiff's bankruptcy, Mr. Merrick aggressively pressed on with the November 20, 2012 hearing.  At no point during the November

---

[94] *Id.*(citing *Diviney*, 225 B.R. at 777).

20, 2012 hearing or any time thereafter did Mr. Merrick take steps to remedy the actions on his part and on behalf of the Defendants.  Rather, much to this Court's dismay, following the November 20, 2012 hearing, Defendants went on to obtain from the domestic court an order against the Plaintiff without ever having sought relief from this Court.  In light of Mr. Merrick's knowledge, skill and long experience in bankruptcy law, this Court finds Counsel's actions and conduct in this matter to be particularly troubling and unfortunate.

However, without more concrete and substantiated evidence regarding the injuries and costs suffered by the Plaintiff-Debtor in this case, the Court is not able to ascertain the extent of the actual damages suffered by the Plaintiff at this time.  Moreover, absent a determination of actual damages and specific evidence regarding each Defendant's individual ability to pay, the Court cannot at this time make a determination as to whether and to what extent punitive damages are appropriate in this case.

Wherefore, the Court shall direct the Plaintiff to file appropriate pleadings with the Court to further prosecute his request for an award of damages pursuant to 11 U.S.C. § 362(k)(1) and in accordance with the findings of this Order.  Said pleading should specifically allege and try to allocate the responsibility of misconduct, between Ms. Ruff and Mr. Merrick.

### VII. Conclusion and Order

Consequently, for the aforementioned reasons,

IT IS ORDERED that the Defendants' Motion to Dismiss, Treated as a Motion for Summary Judgment Federal Rule of Civil Procedure 12(d), is hereby **DENIED**.  IT IS FURTHER ORDERED that Defendants' Motion for Sanctions is also **DENIED**.

IT IS FURTHER ORDERED that Plaintiff's Cross-Motion for Summary Judgment is hereby **GRANTED.**

IT IS FURTHER ORDERED that Plaintiff may, on or before **January 17, 2014**, file with the Court and serve upon the Defendants a Motion/Application for Damages, Fees and Costs pursuant to 11 U.S.C. §§ 362(k)(1) and/or 330(a), if any.  Defendants shall have **14 days** from the service of such motion/application to file an objection, in whole or in part, to the Plaintiff's request.  The Court may schedule the matter regarding an award of damages to the Plaintiff for an evidentiary hearing upon the expiration of the objection deadline for Defendants to respond to the Plaintiff's Motion/Application as provided herein.

Dated: <u>3rd day of January, 2014. </u>

BY THE COURT:

_____
Sidney B. Brooks,
United States Bankruptcy Judge